103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aaron E. ISBY, Plaintiff-Appellant,
v.
Herbert NEWKIRK[2], Warden, et al.,
Defendants-Appellees.
 No. 96-1530.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1996.[1]
Decided Dec. 04, 1996.
 
 Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Aaron E. Isby, an inmate at the Maximum Control Complex (MCC) in Westville, Indiana, appeals from a district court order dismissing a civil rights complaint, 42 U.S.C. § 1983, for failure to state a claim, Fed.R.Civ.P. 12(b)(6), as to certain claims, and entering judgment on the pleadings as to other claims, Fed.R.Civ.P. 12(c). The complaint alleges that Isby's right to due process is being violated when prison employees[3] mark Isby's name on books and magazines he receives in the mail.[4] Isby does not seek money damages; his quest is limited to a declaratory judgment and an order enjoining the prison officials from writing his name on incoming books and magazines.[5] We review de novo both a Rule 12(b)(6) dismissal and a judgment on the pleadings under Rule 12(c). Lashbrook v. Oerkfitz, 65 F.3d 1339, 1343 (7th Cir.1995); Alexander v. City of Chicago, 994 F.2d 333, 335 (7th Cir.1993).
 
 
 2
 Nothing in the Constitution requires that an inmate be free from having his name written in a book which belongs to him. Interestingly, Isby expressly disavows any claim based on deprivation of property.[6] He argues instead that the marking of his name on books deprives him of due process. (Appellant's Reply Brief p. 6-7.) The complaint states that he has the "right to be free of damage of [his] personal property without due process of law." But no process is due unless Isby can establish a constitutional claim based on a liberty or property right. This Isby has failed to do.[7] Cf. Wilson v. Gipson, No. 3:94-CV-891RP (April 15, 1996 N.D.Ind. April 15, 1996) (finding that MCC's policy of marking books and publications with inmate's name does not interfere with any constitutional rights).
 
 
 3
 We find that when prison officials write the name and prisoner number of an inmate in a book received in the mail by that inmate, no deprivation occurs under the meaning of the Due Process Clause. Isby argues that if he is unhappy with his purchase of reading materials, he might wish to return the book or periodical for a refund or credit, and cannot if it has been marked. The decision to identify prisoners' belongings is merely one of hundreds of daily administerial acts performed by prison staff in operating a massive institution housing numerous inmates, many of whom do not necessarily respect each other's interest in their personal property. As defendants explained in an interrogatory answer: "Offender's [sic] names and numbers are placed on their items to prevent the unauthorized transfer of property. The name and number are applied in such a manner that they can not be easily removed. This method best satisfies the objective of preventing the transfer of property between inmates." (R. 34, p. 5, Answer no. 21.) In fact, were the scenario reversed and Isby here complaining that prison officials failed to mark his property (or permit him to do so), resulting in Isby's inability to claim ownership of the property after another inmate stole it, Isby would be arguing that the prison officials failed to adequately safeguard his property.
 
 
 4
 Isby also argues that the district court erred in relying on Hudson v. Palmer, 468 U.S. 517 (1984), because that opinion applies only to intentional conduct. However, the district court discussed Hudson only with regard to the claim of guards' confiscating books and magazines in violation of procedures set out in the Indiana statutes, a claim not raised on appeal.
 
 
 5
 AFFIRMED.
 
 
 
 [2]
 Pursuant to Fed.R.App.P. 43(c)(1), Herbert Newkirk is substituted, on the official capacity claims, for Charles E. Wright, as the superintendent of the MCC in Westville, Indiana
 
 
 [1]
 After preliminary examination of the briefs and the record, the court has concluded that oral argument is unnecessary, and the appeal is submitted on the parties' briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [3]
 Defendants are the warden, and guards Doe Walker, B. Woods, and Doe Anderson
 
 
 [4]
 Other claims included in the complaint have not been raised on appeal. Thus, we will not address, for example, the confiscation of magazines, or claims under the Fourth and Eighth Amendments
 
 
 [5]
 Isby has not pointed to any particular instance where he wished to return a book and was prevented from doing so
 
 
 [6]
 This may be to avoid the obstacle of Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). Defendants rely on Sandin on appeal. The district court, however, found that Sandin was not applicable because Isby's claims were based on property, not liberty, interests. Isby reiterates on appeal that he "does not argue any liberty interest." (Appellant's Reply Brief, p. 8) Given our holding that Isby failed to establish a constitutional right not to have his books marked with his name, we do not reach the question whether the Sandin analysis differs as to liberty and property interests
 
 
 [7]
 Having found no constitutional right, we need not decide whether the district court erred in dismissing defendants Walker and Woods for plaintiff's failure to timely serve them